UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHJED BRAVO,<br><br>                Petitioner,<br><br>                v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>                Respondent. | Case No. 2:21-02934 SB (ADS)<br><br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner Sajhed Bravo ("Petitioner"), a California state prisoner. On April 23, 2021, the Court issued an Order Regarding Screening of Petition ("OSP") because, among other things, the Petition appeared untimely. [Dkt. No. 6]. Petitioner filed a Response to Order to Show Cause ("OSP Response"), conceding that the Petition is untimely but arguing that the interests of justice would be better served by addressing the merits of Petitioner's claims. [Dkt. No. 8].

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A review of the Petition, Petitioner's OSP Response, the Court's records, and public records reveals that the Petition is untimely and amendment cannot cure this deficiency.[1] For this reason, the Court dismisses the Petition with prejudice.

## II. PETITIONER IS NOT ENTITLED TO RELIEF BECAUSE THE PETITION IS UNTIMELY

### A. The Petition Is Facially Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). Pursuant to 28 U.S.C. § 2244(d)(1), the AEDPA limitation period begins to run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

      the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

At its most basic level, as is the case here, the limitation period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For petitioners who do not appeal their judgment of conviction, the judgment becomes final "on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

Here, the Petition is untimely. Petitioner alleges he was sentenced on April 30, 2013. [Dkt. No. 1, p. 2]. Petitioner filed a direct appeal to the California Court of Appeal, which was dismissed on November 6, 2013. [Id., pp. 2-3]; see California Appellate Courts Case Information 2nd Appellate District, Case No. B249983, http://appellatecases.courtinfo.ca.gov. The instant Petition was not filed until April 2, 2021, nearly eight years after Petitioner was sentenced and well after the one-year limitation period ended. Also, Petitioner concedes that the Petition is untimely and does not argue tolling applies. [Dkt. No. 8, p. 1]. As a result, the Petition is untimely.

### III. DISMISSAL BASED ON TIMELINESS IS APPROPRIATE

In his response to the OSP, Petitioner argues that "the interests of justice would be better served by addressing the merits." [Dkt. No. 8, p. 1]. Petitioner argues Day v. McDonough, 547 U.S. 198, 209 (2006), applies. In that case, the U.S. Supreme Court stated that a district court "must assure itself that the petitioner is not significantly prejudiced by the delayed focused on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the

petition as time barred". Id. at 210 (quoting <u>Granberry v. Greer</u>, 481 U.S. 129, 136 (1987)) (quotation marks omitted).

<u>Day</u> is inapplicable to this case. There the Supreme Court discussed the analysis for when a court belatedly and <u>sua sponte</u> considers dismissal based on the statute of limitations after the respondent has answered and did not assert the statute of limitations as a defense. <u>See id.</u> Here, the Court has raised the statute of limitations as part of its statutorily required screening of habeas petitions. The respondent has not yet been ordered to respond to the petition and has not filed an answer.

Importantly, Petitioner does not specifically argue any basis to find that the interests of justice would be better served by ignoring the statute of limitations and addressing the merits of the Petition. Because the Petitioner has had notice and the opportunity to be heard on the matter, <u>sua sponte</u> dismissal of the Petition as untimely is appropriate.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice.

IT IS SO ORDERED.

Dated: May 21, 2021

_____
THE HONORABLE STANLEY BLUMENFELD, JR.
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge